IN THE UNITED STAT9ES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**YAHMII UHURU,**

      **Petitioner,**

v.                                              Civil Action No. 2:10cv105
                                                           (Judge Bailey)

**TERRY O'BRIEN,**   Warden, USP Hazelton,
**UNITED STATES PAROLE COMMISSION.**

      **Respondents.**

## REPORT AND RECOMMENDATION

On September 7, 2010, the *pro se* petitioner, Yahmii Uhuru filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The petitioner is currently confined at U.S.P. Hazelton. The petitioner paid the $5.00 filing fee on September 16, 2010. On October 20, 2010, an Order to Show Cause was issued. On November 17, 2010, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On November 29, 2010, a Roseboro Notice was issued, and on January 3, 2010, the petitioner filed a response. On March 7, 2010, the respondent filed a reply to the petitioner's response. On June 8, 2011, the petitioner filed a Motion for Judgment in His Favor. On June 15, 2011 and August 8, 2011, the respondents filed responses to said Motion. Accordingly, this matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2 is ripe for review.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 22, 1980, the petitioner was issued a General Court-Martial Order, having been

found guilty of three violations of the Uniform Code of Military Justice including the premeditated murder of two individuals at Fort Polk, Louisiana on about August 4, 1980. The petitioner was sentenced "[t]o be confined at hard labor for length of [his] natural life, to forfeit all pay and allowance, and to be dishonorably discharged from the service." (Dckt. 14-1, p. 2) On May 21, 2008, the Secretary of the Army reduced his sentence to 97 years. (Dckt. 14-2)

The petitioner was held in military custody until October 19, 2000, when he was transferred to the custody of the Bureau of Prisons ("BOP"). Records maintained by the BOP indicate that his projected release date is July 19, 2044 via good time credit. (Dckt. 14-3, p.2)

The United States Parole Commission ("Commission") conducted its first parole hearing for the petitioner on July 27, 2001, after the petitioner had been incarcerated for 252 months. By notice of action, dated September 18, 2001, the Commission continued the petitioner to a 15-year reconsideration hearing in July 2016. In reaching this decision, the Commission found that a guideline range of 100+ months should be served before release for cases with good institutional adjustment and program achievement. However, the Parole Commission determined that after review of all the relevant factors and information presented, a decision exceeding the lower limits of the applicable guideline category by more that 48 months was warranted based on the aggravated factor that the petitioner had committed two premeditated murders. As required by law, the Notice of Action scheduled a statutory interim hearing during July 2003. (Dckt. 14-5) The Commission's decision was affirmed by the National Appeals Board on February 22, 2002. (Dckt. 14-6) At the time the petitioner initiated this action, the Commission had conducted four interim hearings for the petitioner, all of which resulted in "no change" notices of action. (Dckts. 14-7, 14-9).

## II. CLAIMS OF PETITION

2

In support of his habeas petition, the petitioner alleges that the decision which was issued by the Commission following his July 27, 2001 hearing, resulted in an *ex post facto* violation and denied him his right to Due Process. With respect to his *ex post facto* claim, the petitioner alleges that Commission applied Guidelines and Rules to his case that were not yet in existence at the time of his conviction and sentencing. The petitioner maintains that the applicable Guidelines and Rules for parole which govern his cases were promulgated in 1976, and the Commission's actions in applying Guidelines and Rules other than those applicable to his case significantly increased the risk of his serving a longer term of incarceration for his crime.

With respect to his due process claim, the petitioner maintains that at the time of his initial parole hearing, he had a salient factor score of 9, severity rating of 8, and the applicable guidelines indicated a range of 100+ months to be served before release for prisoners with good institutional adjustment and program involvement. As of the date of his hearing, the petitioner points out that he had served 252 months, over twice the minimum guidelines range. Despite the hearing examiner making mention of his good institutional adjustment, significant program involvement and a great deal of positive achievement, he failed to apply the applicable Guidelines and Rules to his decision. The petitioner alleges, instead, the hearing examiner elected to apply his own personal beliefs, standards and rules rather than the applicable guidelines and rules. The petitioner maintains that the hearing examiner's departure from established statue, procedure and practice, demonstrates a denial of his due process rights. The petitioner also alleges a due process violation because the hearing examiner failed to consider favorable information in violation of 18 U.S.C. § 4207. The petition further alleges that when a parole applicant is continued above the guideline period, courts have required the Commission to give reasons beyond those ordered by the salient factor score and

offense severity rating. The petitioner contends that the Commission denied him parole because he was convicted of two counts of premeditated murder, which is why he was sentenced. The petitioner contends that a reason which merely restates factors already compiled in the salient factor score is improper, arbitrary, capricious and a violation of due process. The petitioner also alleges that the decision to continue him to a 15 year reconsideration hearing violated the mandates of 28 C.F.R. § 2.12(b) which requires the Commission to set a presumptive release date, set an effective date of parole, or continue the prisoner to a ten year reconsideration hearing. Finally, the petitioner argues that the decision to continue him to a 15 year reconsideration hearing in July of 2016 places him six years beyond the Mandatory Parole Term set forth in 28 C.F.R. § 2.53(a) and six years beyond the term of incarceration set forth in 18 U.S.C. § 4206(d).

### III. RESPONDENT'S REPLY

The respondent argues that with respect to the claimed violation of the *Ex Post Facto* Clause, the petitioner failed to exhaust administrative remedies. The respondent also argues that the petitioner has not identified an *ex post facto* issue regarding the Commission's decision to exceed the lower limit of the parole guidelines or schedule him for reconsideration in fifteen years. The respondent concedes, however, that the petitioner is correct that he is entitled to consideration for mandatory parole under 18 U.S.C. § 4206, and the Commission has ordered the case reopened to address that issue. Arguing that the Court can do no more that issue a writ of mandamus to the Commission to reopen the case, this issue is moot. Finally, the respondent maintains that the petitioner's other Due Process claims lack merit because the Commission's decisions were discretionary decisions rationally supported by the record and not an abuse of discretion.

### IV. PETITIONER'S REPLY

In reply to the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, the petitioner first argues that the respondents have not shown that he failed to exhaust his administrative remedies, and further, his *ex post facto* claim is both proper and meritorious. The petitioner then undertakes a lengthy discourse in an effort to demonstrate exhaustion. The petitioner also reiterates and reinforces the claims and arguments made in his petition.

## V.  STANDARD OF REVIEW

### A.  Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952. The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a

5

formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must

be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## VI. ANALYSIS

Judicial review of a decision by the Parole Commission is limited. See Brown v. Lundgren, 528 F.2d 1054 (5th Cir.1976); Billiteri v. United States Board of Parole, 541 F.2d 938 (2d Cir. 1976). "So long as there are no violations of any required due process protections and the Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Stroud v. United States Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982). The District Court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion. Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977). An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations. Zannino v. Arnold, 531 F.2d 687, 690-91 (3rd Cir. 1976).

7

18 U.S.C.A. § 4206(d) provides as follows:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier; *Provided, however*, That the Commission shall not release such prisoner if it determines that he has seriously violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

Accordingly, the Commission's decision to extend the petitioner's reconsideration hearing to July 2016, violated the terms of 18 U.S.C.A. § 4206(a), because the petitioner will have been incarcerated well over thirty years by that date. Therefore, but for subsequent action by the Commission, the petitioner would be entitled to, at the very least, an Order directing the Commission to reschedule his parole consideration. However, as a result of a hearing conducted on July 7, 2011[1], the petitioner has been granted parole effective October 3, 2011.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

---

[1] The petitioner was originally scheduled for a hearing during the week of January 31, 2011, when the Commission was scheduled to conduct hearings at USP Hazelton. The petitioner requested and received appointment of counsel to represent him. On January 7, 2011, the petitioner's counsel asked for a 60-day continuance. (Dckt. 21-3) The Commission then scheduled a video conference/hearing for consideration for mandatory parole under 18 U.S.C. § 4206(d) for the week of May 30, 2011. However, the Commission re-located its facilities from Maryland to Washington, D.C. on May 20-21, 2011, and, because the agency's technological capabilities were not fully operational by the week of May 20, 2011, his video conference/hearing was rescheduled for July 7, 2011. (Dckt. 24-1).

8

In this case, the petitioner sought an Order directing the respondents to comply with the applicable statutes, regulations, rules, practices and policies related to parole consideration. The same having now occurred, and the petitioner having been granted parole, the only relief this Court could have granted has been accomplished, and this case is now moot.

## VII.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DISMISSED AS MOOT** and the pending Motions (Dckts. 13 and 23) be **DENIED.**

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 10 August 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE