**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**YAHMII UHURU,**

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:10-CV-105
(BAILEY)**

**TERRY O'BRIEN, Warden, USP Hazelton,
UNITED STATES PAROLE COMMISSION,**

　　　　　Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull.  By Local Rule, this action was referred to Magistrate Judge Kaull for submission of a report and a recommendation ("R&R").  Magistrate Judge Kaull filed his R&R on August 10, 2011 [Doc. 26].  In that filing, the magistrate judge recommends that this Court deny the petitioner's § 2241 petition as moot.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v.***

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  The docket reflects that service was accepted on August 11, 2011 [Doc. 27]. Petitioner timely filed his Objections [Doc. 28] on August 24, 2011.  Accordingly, this Court will review those portions of the report and recommendation to which objections were filed under a *de novo* standard of review.  The remaining portions of the R&R will be reviewed for clear error.

In his Objections [Doc. 28], the petitioner again requests an order granting his immediate release from confinement and further demands unspecified monetary compensation for the alleged injury inflicted upon him by the United States Parole Commission for violations of his rights stemming from various due process and *ex post facto* claims related to the petitioner's continued incarceration as a result of his sentence imposed for the premeditated murder of two individuals in the 1980s.

As the magistrate judge correctly noted in his R&R, judicial review of a decision by the Parole Commission is limited.  *See Brown v. Lundgren*, 528 F.2d 1054 (5th Cir. 1976).  However, without endeavoring into the extent to which this Court may review such decisions, this Court further notes that the Parole Commission in fact conducted a hearing for Mr. Uhuru on July 7, 2011.  As a result of that hearing, the Commission granted the petitioner parole, effective October 3, 2011.  Accordingly, this Court is of the opinion that no case or controversy exists and, therefore, it is without jurisdiction.  Leaving no viable legal issue to resolve, this case has been rendered moot.  *See Powell v. McCormick*, 395

U.S. 486, 496 (1969).

Therefore, upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 26]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Further, the petitioner's Objections **[Doc. 28]** are **OVERRULED**.  As such, this Court hereby **DISMISSES AS MOOT** the § 2241 petition **[Doc. 1]**.  For the same reasons, the remaining motions **[Docs. 13 & 23]** must also be **DENIED**.  Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court.  Accordingly, the Clerk is directed to enter a separate judgment in favor of the respondents.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 26, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

3